# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT OWENSBORO
## CIVIL ACTION NO. 4:07CV-P95-M

**TIMMY MCDONALD**

**PETITIONER**

**v.**

**UNITED STATES OF AMERICA**                                                      **DEFENDANT**

### MEMORANDUM OPINION AND ORDER

Petitioner, Timmy McDonald, filed this action pursuant to 28 U.S.C. § 2241 on or about July 24, 2007.  The action is before the Court for initial screening.  For the reasons set forth below, the Court will construe the action as a second or successive motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 and transfer it to the Sixth Circuit.

## I. PROCEDURAL BACKGROUND

McDonald and his co-defendant, Earl Moorman, were charged with possession with intent to distribute cocaine and cocaine base and with aiding and abetting such possession, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C § 2.  McDonald pleaded guilty to possession with intent to distribute cocaine and to aiding and abetting Moorman in the possession of crack cocaine.  As a result, McDonald was sentenced by this Court to a total term of 168 months imprisonment, to a term of 8 years supervised release, and a special assessment in the amount of $ 200.00.  McDonald appealed his sentence to the Sixth Circuit Court of Appeals alleging that this Court erred in failing to grant a sentence reduction for acceptance of responsibility.  The Sixth Circuit affirmed McDonald's sentence.  *United States v. McDonald*, Nos. 99-5059/99-5122, 2000 U.S. App. LEXIS 18216 (6th Cir. July 24, 2000).  McDonald then filed a motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255, which this Court denied.  It does not appear that McDonald appealed the denial of his § 2255 motion to the Sixth

Circuit Court of Appeals.

McDonald has now filed the instant § 2241 petition, alleging that he is "actually innocent of all alleged violations of 21 U.S.C. § 841(a)(1) and 18 U.S.C § 2" because "the United States lacked legislative, territorial, or admiralty jurisdiction over the Locus Quo." McDonald explains that the alleged "criminal act took place in the geographical regions of 129 West 20th Street and Parrish Ave. in the City of Owensboro, Kentucky state [and] said geographical regions are not within 'United States' jurisdiction, but within the executive jurisdiction of the Kentucky state."

## II. ANALYSIS

McDonald is unquestionably challenging his conviction in the instant action. "A federal prisoner may challenge a conviction or imposition of sentence under § 2241 rather than by a motion filed under 28 U.S.C. § 2255 only in very unusual circumstances in which the remedy under § 2255 is inadequate or ineffective." *Okoro v. Hemingway*, 104 Fed. Appx. 558, 559 (6th Cir. 2004) (citing *Charles v. Chandler*, 180 F.3d 753, 755 (6th Cir. 1999)). The fifth paragraph of § 2255, the "savings clause," provides that:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

It is the petitioner's burden to establish that his remedy under § 2255 is inadequate or ineffective. *Charles*, 180 F.3d at 755-56. The Sixth Circuit "has recognized as cognizable under § 2241 only claims of actual innocence based upon a new rule of law made retroactive by the Supreme Court." *Okoro*, 104 Fed. Appx. at 559 (citing *Martin v. Perez*, 319 F.3d 799, 804 (6th Cir. 2003)).

2

McDonald argues that § 2255 is ineffective to test the legality of his conviction because he "is time barred from any remedy under § 2255." However, "[a] prisoner's remedy under § 2255 is not inadequate or ineffective merely because the prisoner is time-barred or otherwise procedurally barred from seeking relief under § 2255, because the prisoner has already filed one motion to vacate, or because the prisoner has been denied permission to file a second or successive motion to vacate." *Barnes v. Booker*, 116 Fed. Appx. 560, 561 (6th Cir. 2004) (citing *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001)). Thus, McDonald has failed to properly allege that § 2255 is ineffective or inadequate. Moreover, McDonald is not relying on any new law to establish his actual innocence claim. Far from it, the cases he cites in support of his jurisdictional argument date back to 1818. There is no reason that McDonald could not have advanced these arguments as part of his direct appeal or his first § 2255. "The remedy afforded under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255."

For these reasons the Court construes McDonald's filing as a motion to vacate under 28 U.S.C. § 2255. Normally the Court could not *sua sponte* recharacterize a petition without warning the petitioner of the possible negative consequences of such a recharacterization and offering the petitioner an opportunity to respond or withdraw his petition. *See Castro v. United States*, 540 U.S. 375, 383 (2003). The negative consequences, though, stem from the preclusive effect such a recharacterization would have on a second, successive motion to vacate under § 2255. Here, McDonald has already filed a previous motion to vacate under § 2255, which was denied on the merits. Thus, the harm sought to be avoid by *Castro* is not applicable.

Since McDonald's current filing is a "second or successive motion" within the meaning

of 28 U.S.C. § 2255, it must be transferred to the Sixth Circuit for the necessary certification required by 28 U.S.C. § 2244.  Section 2244(b)(3)(A) of Title 28 of the United States Code mandates: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  Because McDonald has failed to obtain a panel certification prior to filing his petition, this Court lacks jurisdiction to consider it. *See In re Hanserd*, 123 F.3d 922, 934 (6th Cir. 1997).

### III.  ORDER

Accordingly, **IT IS HEREBY ORDERED** that McDonald's petition and addendum (DNs 1 & 5) is **RECHARACTERIZED** as a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 and **TRANSFERRED** to the Sixth Circuit Court of Appeals, pursuant to 28 U.S.C. § 1631, as a second or successive § 2255 motion.  *See In re Hanserd*, 123 F.3d at 934 ("If either a motion requesting permission or a second or successive motion to vacate sentence is erroneously filed in district court, that court should transfer that motion to this court under 28 U.S.C. § 1631.") (citing *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997)).

Date:

cc:     Petitioner, *pro se*
        United States Attorney
        Clerk, Sixth Circuit Court of Appeals
4414.008